## HEBERTON *v.* JEPHERSON.

A. and B., partners as commission merchants, received goods on consignment for sale. B. died, and A. sold the goods and became a certificated bankrupt. The executor of B. is liable to the consignor for the proceeds of the goods.

IN error from the District Court.

*March* 8th. The plaintiff brought assumpsit against the administrator of Heberton, and declared for money had and received. Subsequently, he filed four additional counts, setting forth that Heberton in his lifetime was a partner with Abbott, and received goods of the plaintiff to be sold on his account. The several counts further averred, that the goods were sold during the lifetime, or after the death of Heberton, and that Abbott had become a certificated bankrupt.

On the trial, before SHARSWOOD, J., the plaintiff proved the consignment during Heberton's lifetime, and sales before and after his death, on which a guarantee commission was charged; and the bankruptcy of Abbott, the surviving partner. Account-sales had been rendered, signed Heberton & Abbott, and it did not appear plaintiff had any notice of the death of Heberton.

The judge charged that plaintiff could recover.

*Brooke* and *Bleight*, for plaintiff in error.—The new counts were not filed by leave of the court, as appears from the record, and they are not to be considered. The action was, then, for money had and received, which does not lie in such case: 5 Taunt. 612. But, apart from the question of form, the death of one partner worked a dissolution, of which all persons were bound to take notice: Story on Part. § 343; 3 Kent, 63. The remedy of the plaintiff was, then, to demand his goods; but the surviving partner was unable, by this new contract arising out of the sale, to bind his deceased partner's estate: 4 Mo. & P. 57; 3 Esp. 108; 1 H. Bl. 155; 1 Mad. 583; 11 Ves. 5, 16; Ib. 49; 1 Swanst. 506; 5 Whart. 539; 7 Taunt. 403.

*Fallon*, contrà.—The new counts are presumed to have been filed by consent, as has been frequently decided. The contract made during the existence of the partnership was, to receive and sell; and the duty of the surviving partner was, to perfect it. The point is decided in 1 Raw. 212, 13 S. & R. 411, and 5 W. & S. 210, so that the case was exactly 1 Bin. 123. In 7 Taunt., the

action was on an implied contract, resulting from acts done after the dissolution, and not in any manner arising out of the orders given prior thereto.

*March* 9. COULTER, J.—The death of Heberton dissolved the partnership. But Abbott, as surviving partner, had authority to dispose of the assets, for the purpose of payment of debts, or completing and fulfilling the engagements and liabilities of the firm. In this case, as Heberton and Abbott were commission merchants, Abbott had authority to sell goods consigned to the firm, and which the firm had agreed to sell. It is all true, that a surviving partner, or an acting partner after dissolution, with power to wind up the concern, cannot create new liabilities. But he may extend, modify, and discharge those already existing. Thus, an acting partner, with power to wind up, may, after discharging part of a bill when it falls due, give a new bill in the name of the firm to procure time for turning the assets into money. The goods were sold by Abbott, surviving partner, who was insolvent when this suit was instituted. As he had received the money, an action would have lain against him for money of the plaintiff had and received by him, on the authority of Wells *v.* Ross, 7 Taunt. 403. But that action would not be on the contract. Because, however, that action would lie out of, or beside the contract, it follows not, that there is no remedy on the contract, or that it is gone. Indeed, that very case asserts what is full and plenary authority for this action. Gibbs, C. J., in giving the opinion of the court, says, " There was one form of action, namely, on this joint undertaking to sell on commission, in which the plaintiff might have sued both. But in this form of action, there is no ground at all to charge Twycross." Twycross was the retiring partner, and who had never received any of the money, the sale not being made till after dissolution.

The obligations, responsibilities, and duties of the firm, cover the process of winding up the concern by any one partner after dissolution, and by the surviving partner in case of dissolution in consequence of death. Upon the dissolution, all the members are liable, in their individual capacities, for all the contracts and engagements of the firm existing at that time. If so, the estate of Heberton, the deceased partner, was responsible for the liabilities of the firm at the time of his death, and his death did not discharge his estate from that liability. The goods were consigned to the firm. They accepted the trust, according to the usage of

their business, and the firm was liable to the consignor for the amount produced at sale. To wind up the business, as we may suppose, and for the purpose of settling the concern, the surviving partner sold the goods; and the firm, and, of course, each member, was liable to the consignor on the contract. This action is on the contract. It is alleged, however, by the plaintiff in error, that the first count filed was for money had and received, which, of course, could not be sustained, as neither Heberton in his life, nor his administrator after his death, had received the money. But there are three additional counts, all on the contract, setting it out specially; and any one of these last counts is good, under the evidence given, especially the fourth, which is drawn with more exact precision to fit the case. But the counsel for the plaintiff in error alleges, that he never saw the fourth count especially, until very recently. But we cannot help that: the counts are here on the record, and duly marked filed; and this court has ruled, that, when a new *narr.* or count is regularly marked filed, it will be presumed, after verdict, to have been done by consent, unless something on the record shows that it was objected to, before, or on the trial.

We are of opinion, that the *narr.* covers the facts; that the facts are sufficient in law to warrant the judgment; and that the court did not err in telling the jury, that if they believed the evidence, the plaintiff below was entitled to a verdict. The error as to the admission of Abbott as a witness, being abandoned, is not noticed.

Judgment affirmed.